**SO ORDERED.**

**SIGNED this 07 day of June, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

ILLYA GEORGYEVICH ALEXIEFF,               CASE NO. 12-03248-8-JRL

   DEBTOR.                                                    CHAPTER 13

### ORDER

This matter came before the court on the motion of Philip A. Glass, in his capacity as trustee in foreclosure ("trustee"), requesting relief from the automatic stay and co-debtor stay, in rem relief from the automatic stay, and a declaratory ruling that the automatic stay is not in effect. A hearing was held on June 6, 2012, in Raleigh, North Carolina.

The debtor filed a voluntary petition under chapter 13 of the Bankruptcy Code on April 30, 2012. This marked the debtor's third chapter 13 filing in a twelve-month period.[1] The issue currently before the court arises out of an April 2012 foreclosure sale of certain real property belonging to the debtor.

On May 25, 2001, the debtor executed a promissory note for $192,700.00 ("note") for the

---

[1] The debtor filed Case No. 11-05495-8-JRL on July 19, 2011, which was dismissed on November 18, 2011. Several months later, the debtor filed Case No. 12-00310-8-SWH on January 13, 2012, which was dismissed on March 1, 2012.

benefit of the State Employees' Credit Union ("SECU"). On that same day, the debtor and his wife, Elizabeth Alexieff executed a deed of trust pledging the real property located at 1317 Mordecai Drive, Raleigh, North Carolina ("property") as security for the debtor's obligations under the note ("deed of trust").[2] The current payoff on the obligation is approximately $193,751.14.

Following the debtor's default on his obligations under the note, the trustee initiated foreclosure proceedings against the property, pursuant to the terms of the deed of trust. On April 16, 2012, the trustee conducted a foreclosure sale and filed a report of foreclosure sale ("report") with Clerk of Superior Court for Wake County.[3] On April 30, 2012—after the ten-day upset bid period expired, but before the trustee recorded the deed to the SECU—the debtor filed a petition commencing the current bankruptcy case. On May 8, 2012, the trustee moved the court for various forms of relief from the automatic stay, as well as a declaratory ruling that the automatic stay is inapplicable as to the foreclosure sale and the property. On May 29, 2012, the debtor—acting pro se—filed an objection to the trustee's motion. Pragmatically, if the court determines that the automatic stay is inapplicable to the foreclosure sale and the property, the trustee's remaining requests for relief will be moot. Therefore, the court will address this issue before making any other determinations.

A bankruptcy petition operates as an automatic stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the

---

[2] The deed of trust was recorded at Book 8946, Page 760, in the Office of the Register of Deeds of Wake County.

[3] The SECU was the highest bidder.

estate." 11 U.S.C. § 362(a)(3). Generally, property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case."[4] 11 U.S.C. § 541(a)(1). Therefore, for the foreclosure sale to be stayed, the debtor must have had an interest in the property at the time the petition was filed.

In North Carolina, after a foreclosure sale is conducted, a ten-day upset bid period follows during which any person may bid on the property. See N.C. Gen. Stat. § 45-21.1 to .33. To be effective, the required deposit and notice must be filed with the clerk of the appropriate superior court "by the close of normal business hours on the tenth day after the filing of the report of the sale or the last notice of upset bid." Id. § 45-21.27(a). If a debtor files a bankruptcy petition within the upset bid period, the upset bid period is suspended and the subject property is property of the estate. In re Lordship Dev., LLC, 403 B.R. 772, 773 (Bankr. E.D.N.C. 2008) (citing Beneficial Mortgage Co. of N.C. v. Barrington & Jones Law Firm, 595 S.E.2d 705, 709 (N.C. Ct. App. 2004)). However, if a debtor fails to file within the statutory period for upset bids,

> ownership rights of the prior owner of the real property shift to the high bidder at foreclosure sale upon expiration of upset bid period at the normal close of the business on the tenth day. Thus, property formerly owned by the debtor which was sold at foreclosure and for which the upset bid period expired prior to commencement of the bankruptcy case is not property of the estate. The result is the same whether the petition was filed one minute late or five days late.

In re Figured, Nos. 09-03251-8-JRL, 09-06490-8-JRL, 2009 Bankr. LEXIS 2580, at *7 (Bankr. E.D.N.C. Aug. 31, 2009). This rule is well-established in this district and has been followed without exception. See, e.g., In re Monroe, No. 11-05167-8-RDD, 2011 Bankr. LEXIS 4417, at

---

[4] Certain property is excepted from being property of the estate under 11 U.S.C. §§ 541(b), (c)(2), but these provisions do not apply to the present case.

*5 (Bankr. E.D.N.C. Nov. 7, 2011) (citing In re Figured, 2009 Bankr. LEXIS 2580)); In re Hawkins, No. 11-02379-8-JRL, 2011 Bankr. LEXIS 4650, at *2 (Bankr. E.D.N.C. June 9, 2011); In re McDonald, No. 10-09196-8-JRL, 2011 Bankr. LEXIS 4683, at *1 (Bankr. E.D.N.C. June 1, 2011); In re Lordship Dev., LLC, 403 B.R. at 773; In re Saunders, No. 07-02455-8-JRL, at 2 (Bankr. E.D.N.C. Sept. 12, 2007); In re Barham, 193 B.R. 229, 232 (Bankr. E.D.N.C. 1996).

The court finds that in this case, the foreclosure sale was not stayed because the debtor failed to file his petition within the statutory period for upset bids.  On April 16, 2012, the trustee conducted the foreclosure sale and properly filed the report.  As a result, the ten-day upset bid period expired on April 26, 2012, four full days before the debtor filed his chapter 13 petition.  Thus, because the property was sold at foreclosure and the upset bid period expired prior to the commencement of the present bankruptcy case, the property is not property of the estate and was in no way affected by the debtor's bankruptcy petition.  In light of this ruling, the trustee's alternative requests for relief are moot and need not be considered.

Based on the foregoing, the trustee's motion for declaratory ruling that the automatic stay is inapplicable is ALLOWED.

**END OF DOCUMENT**